Opinion issued September 15, 2005



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00146–CV




DIGITAL IMAGING ASSOCIATES, INC., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2003-28195




O P I N I O N

          On this day, the Court considered appellant’s motion for rehearing. The
motion is denied. However, we withdraw our opinion and judgment of June 9, 2005,
and issue this opinion and judgment in its stead.
          Appellant, Digital Imaging Associates, Inc., (“Digital”), brings a restricted
appeal under rule 30 of the Texas Rules of Appellate Procedure, complaining that the
trial court improperly granted the State’s motion for nonsuit and dismissed all parties
“without prejudice.” Specifically, Digital contends that it had a pending claim for
“affirmative relief,” which should not have been dismissed. We affirm.
BACKGROUND
          Two Texas DPS troopers, on two separate occasions, entered a shop located at
7929 Westheimer, in Houston, and purchased identification cards. Believing that the
cards were deceptively similar to valid Texas identification cards, the troopers seized
the computers, cameras, laminators, and printers that were used to make the
identification cards.
          On May 23, 2003, the State filed a Notice of Seizure and Intended Forfeiture
against “two Computers and Miscellaneous Equipment Listed on Attachment ‘A’,”
which included all of the equipment that had previously been removed from the shop. 
Two individuals, Christopher Amezcua and Patrick De Santos


, were designated by
the State as respondents and filed general denials.
          On July 7, 2003, Digital filed a petition in intervention, which alleged the
following:
1. [Digital] is a Texas corporation. It owns the property and equipment
seized by the Texas Department of Public Safety on May 15, 2003, as
described in Plaintiff’s Notice of Seizure and Intended Forfeiture, and
as such, is a proper party in this lawsuit.
 
2. [Digital] asserts that the seizure of such property and equipment was
wrongful, and that the requested forfeiture should be denied.

          On August 12, 2003, the State filed its motion for nonsuit, which the trial court
granted on August 13, 2003. The trial court’s order stated that “the TWO
COMPUTERS and MISCELLANEOUS EQUIPMENT LISTED ON
ATTACHMENT ‘A’ that are the subject of this suit and all parties are hereby
dismissed without prejudice.”
          It is undisputed that Digital did not receive notice of the August 13, 2003
nonsuit until January 2004. Between the August nonsuit and Digital’s discovery of
the same in January, the parties continued to conduct discovery as if the case were
ongoing.
          The docket sheet shows that, in January 2004, the trial court and the parties
conducted a telephone conference, during which they discussed whether the trial
court continued to have jurisdiction over the case. On January 27, 2004, Digital filed
a letter brief with the trial court, in which it argued that the trial court continued to
have jurisdiction because of Digital’s outstanding claim for declaratory relief. The
docket sheet shows that another telephone conference between the parties and the
judge took place on February 11, 2004, during which the trial judge informed the
parties that he no longer had jurisdiction over the case because the August 12, 2003
nonsuit was a final judgment.
          This restricted appeal by Digital followed.
ANALYSIS
          In its first issue, Digital contends the record shows error on its face. 
Specifically, Digital contends that the record shows that the trial court erred by
dismissing its claim for declaratory relief when it granted the State’s motion for
nonsuit.
Standard and Scope of Review
          To obtain relief by way of restricted appeal, Digital must demonstrate that (1)
it filed notice of appeal within six months of the signed default judgment; (2) it was
a party to the litigation; (3) it did not participate in the hearing resulting in the final
judgment; (4) it did not timely file postjudgment pleadings; and (5) there was error
on the face of the record. See Norman Communications v. Texas Eastman Co., 955
S.W.2d 269, 270 (Tex. 1997) (per curiam); Tex. R. App. P. 26.1(c), 30. In this case,
the only dispute is whether there is error on the face of the record.
          In a restricted appeal, we are limited to considering only the face of the record,
but our scope of review is otherwise the same as that in an ordinary appeal; that is,
we review the entire case. See Norman Communications, 955 S.W.2d at 270. The
face of the record, for purposes of restricted appeal review, consists of all the papers
on file in the appeal. See Id.
Propriety of Dismissing Digital’s Claim for Declaratory Relief
          Under Rule 162 of the Texas Rules of Civil Procedure, a plaintiff has an
absolute right to take a nonsuit upon timely motion, as long as the defendant has not
made a claim for affirmative relief. Greenberg v. Brookshire, 640 S.W.2d 870, 871
(Tex. 1982). To qualify as a claim for affirmative relief, a party must allege a cause
of action, independent of the plaintiff’s claim, on which the party could recover
compensation or relief even if the plaintiff abandons, or is unable to establish, his
cause of action. Gen. Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 570 (Tex.
1990); In re C.A.S., 128 S.W.3d 681, 685-86 (Tex. App.—Dallas 2003, no pet.). 
Restating a defense in the form of a request for a declaratory judgment does not
defeat a plaintiff’s claim to a nonsuit. Newman Oil v. Alkek, 614 S.W.2d 653, 655
(Tex. App.—Corpus Christi 1981, writ ref’d n.r.e). A claim that simply mirrors the
controlling issues of the plaintiff’s suit is not a claim for affirmative relief. In re
Shockley, 123 S.W.3d 642, 647 (Tex. App.—El Paso 2003, no pet.)
          In Newman Oil, the plaintiff brought suit alleging that the defendant violated
the Texas Deceptive Trade Practices Act and was in breach of contract. 614 S.W.2d
at 653. The defendant counterclaimed, seeking a declaratory judgment that (1)
plaintiffs were not entitled to relief under the Texas Deceptive Trade Practices Act,
and (2) that defendant had not engaged in a tort, fraud, deceptive trade practice, or
breach of contract. Id. at 654-55. The court of appeals held that the defendant’s
claim for declaratory relief was not a claim for affirmative relief because it was
“merely a denial of the plaintiff’s cause of action.” Id. at 655.
          In this case, Digital’s intervention petition claims that “the seizure of such
property and equipment was wrongful, and that the requested forfeiture is improper
and should be denied.” Furthermore, Digital’s first amended petition in intervention,
in which it seeks “a declaration from the Court that its manufacture and sale of
identification cards is legal and does not violate the laws of the State of Texas,”
merely mirrors the controlling issues in the State’s case. Therefore, Digital’s claim
for a declaratory judgment is not a claim for affirmative relief. See Shockley, 123
S.W.3d at 647. Digital’s pleadings do not contain any facts upon which affirmative
relief could be granted—they merely deny the lawfulness of the State’s cause of
action.
          Because Digital’s pleadings do not state a claim for affirmative relief, the trial
court did not err by granting the State’s nonsuit.
          We overrule Digital’s first issue on appeal.
Was the Nonsuit a Final Judgment?
          In issue two, Digital alternatively argues that, even if we conclude that the trial
court could have dismissed Digital’s claim, the nonsuit order of August 13, 2003 did
not actually do so. Specifically, Digital argues that the August 13, 2003 order was
not a final judgment.
          An order or judgment is final “if and only if either it actually disposes of all
claims and parties then before the court, regardless of its language, or it states with
unmistakable clarity that it is a final judgment as to all claims and all parties. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192-93 (Tex. 2001). The trial court’s
nonsuit order in this case states that “the TWO COMPUTERS and
MISCELLANEOUS EQUIPMENT LISTED ON ATTACHMENT ‘A’ that are the
subject of this suit and all parties are hereby dismissed without prejudice.” 
(Emphasis added).
          Digital argues that the nonsuit order is not a final judgment because it does not
name Digital, nor does it specifically dispose of Digital’s petition in intervention.
However, the order expressly states that it disposes of all parties and Digital was a
party to the suit by way of its intervention. Furthermore, we have already held that
Digital’s petition in intervention did not state an “affirmative claim for relief.” As
such, the nonsuit order, which disposed of the State’s claims—the only claims for
affirmative relief—actually disposed of all pending claims for relief in the suit.
          Because the nonsuit order “actually disposes of all claims and parties then
before the court” it is final. See Lehmann. 39 S.W.3d at 192.
          We overrule Digital’s second issue on appeal.
          We affirm the judgment of the trial court. 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Hanks.