Petition for Writ of
Mandamus Conditionally Granted and Memorandum Opinion filed February 11, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00896-CV

____________

 

IN RE JOHN D. HANBY, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            In
this original proceeding, relator, John D. Hanby, seeks a writ of mandamus
ordering the respondent, the Honorable Brent Gamble, to enter an order
dismissing the underlying lawsuit against Real Party in Interest, Weatherford
International, Inc., in accordance
with his notice of nonsuit.  We conditionally grant the writ.

According to the petition[1], Hanby developed a new
spectrometric technology to be used in oil and gas drilling.  He then entered
into a consulting agreement with Weatherford.  Under the agreement, Weatherford
was required to negotiate a license with Hanby for use of the technology and
methodology he developed, “the Hanby Friedel-Crafts method.”  Weatherford
agreed to pay a reasonable royalty for the exclusive license and the parties
agreed to negotiate the royalty rate “in good faith.”  When the terms of the agreement
were set to expire, Weatherford offered a new employment agreement.  After
Hanby requested amendments to the new agreement, Weatherford terminated him.  According
to Hanby, Weatherford has since refused to abide by the consulting agreement. 
Hanby alleges that Weatherford is marketing and selling his invention for
commercial use and is attempting to patent his work without credit.  Hanby filed
suit against Weatherford asserting claims as follows:

·       
breach of contract — Weatherford contracted that in return for
the exclusive license to use the Hanby Friedel-Crafts method and apparatus, it
would negotiate a royalty rate in good faith but has failed to do so and has refused
to pay royalties; 

·       
negligent misrepresentation — Weatherford misrepresented it would
negotiate and pay royalties for use of the Hanby Friedel-Crafts method and
apparatus; 

·       
unjust enrichment — Weatherford failed to negotiate and pay
royalties for use of the Hanby Friedel-Crafts method and apparatus;

·       
fraud — Weatherford falsely, and with actual knowledge,
represented it would negotiate in good faith and pay royalties for use of the
Hanby Friedel-Crafts method and apparatus;

·       
conversion and theft of trade secrets — Weatherford has
wrongfully exercised dominion and control over the Hanby Friedel-Crafts method
and apparatus, which is proprietary and confidential information belonging to
Hanby; and

·       
misappropriation — Weatherford misappropriated the Hanby
Friedel-Crafts method and apparatus when it refused to pay Hanby a royalty for
its use and has thereby gained a special advantage in its competition with
Hanby in that Weatherford bore little or no expense in developing the Hanby
Friedel-Crafts method and apparatus.

Weatherford filed a counterclaim
for declaratory relief and seeks the following declarations:

·       
Weatherford fully performed its obligations;

·       
Weatherford had no obligation to exercise the option for a
license;

·       
Weatherford had no obligation to negotiate a license with Hanby; 

·       
Weatherford owns all intellectual property created by Hanby;

·       
Weatherford owns all intellectual property to inventions in
Hanby’s possession before entering into the Agreement, including the Hanby
Friedel-Crafts method and apparatus;

·       
Weatherford has not taken, used, or misappropriated Hanby’s
alleged trade secrets;

·       
 Hanby breached the agreement by failing to cooperate with
preparation of a patent application; and

·       
Weatherford is entitled to recover attorneys’ fees under Tex.
Civ. Prac. & Rem. Code § 38.001.

Hanby filed a notice of nonsuit dismissing the entire
lawsuit.  See Tex. R. Civ. P. 162.  Weatherford filed an objection and
motion to strike the notice of nonsuit, claiming it has sought relief that is
independent of the relief sought by Hanby.  The trial court granted
Weatherford’s objection and motion to strike.  The trial court found that “Weathford
has sought relief that is independent of the relief sought by Plaintiff Hanby,”
but did not specify the independent relief.

The granting of a nonsuit is a ministerial act by the
court.  See Shadowbrook Apartments v. Abu-Ahmad, 783 S.W.2d 210, 211
(Tex. 1990).  Accordingly, a party is entitled to mandamus relief if the trial
court erroneously refuses to grant a nonsuit and dismiss the case. See BHP
Petroleum Co,. Inc. v. Millard, 800 S.W.2d 838, 840, n.7 (Tex. 1990).  

“The plaintiff's right to take a nonsuit is unqualified
and absolute as long as the defendant has not made a claim for affirmative
relief.”  Id. at 841 (original emphasis).  A defensive pleading must
allege the defendant has an independent cause of action on which he could
recover to qualify as a claim for affirmative relief.  Id. at 841. 
Restating defenses as a claim for declaratory judgment does not deprive the
plaintiff as his right to the nonsuit.  Id.  Denials of the plaintiff’s
cause of action do not suffice.  Id.  The allegations pleaded in the
defendant’s counterclaim must aver facts upon which affirmative relief could be
granted.  Id.  

Weatherford contends that its counterclaims exceed
the scope of Hanby’s suit by seeking declarations that (1) Weatherford had no
obligation to exercise the license option or negotiate a license; (2)
Weatherford owned all intellectual property at issue; and (3) Hanby failed to
cooperate with preparation of a patent application.  Weatherford does not argue
that any of its other claims for declaratory relief are independent of the
relief sought by Hanby.

We conclude that the declaratory relief sought by
Weatherford does not exceed the scope of Hanby’s suit.  A declaration that
Weatherford had no obligation to exercise the option for or negotiate a license
with Hanby would establish that Weatherford did not breach the contract as
alleged by Hanby.  Accordingly, the counterclaims for license-related
declarations are merely defenses to Hanby’s breach of contract claim. 
“Restating a defense in the form of a request for a declaratory judgment does
not defeat a plaintiff’s claim to a nonsuit.”  Digital Imaging Assoc., Inc.
v. State, 176 S.W.3d 851, 854 (Tex. App. – Houston [1st Dist.] 2005, no
pet.).  Therefore, Weatherford’s second and third counterclaims are not
independent claims for affirmative relief.

A declaration that Weatherford owns all intellectual
property created by Hanby is a defense to Hanby’s claim of conversion and theft
of trade secrets.  As noted above, a defense to a cause of action is not an
independent claim for affirmative relief.  See id.  Similarly, a declaration
that Hanby breached the contract by failing to cooperate with preparation of a
patent application is a defense to enforcement of the contract rather than an independent
claim for affirmative relief.  See id.

Weatherford also argues that its counterclaims seeking
declarations regarding intellectual property ownership and Hanby’s alleged
failure to cooperate with preparation of a patent application are independent
because the parties have an ongoing relationship with continuing obligations. 
Specifically Weatherford asserts that its counterclaims “seek enforcement of
Hanby’s ongoing obligations to provide clear title to Weatherford’s
intellectual property, require Hanby to assist in procurement of patents
relating to Weatherford’s intellectual property, and to recover damages in
relation to Hanby’s breach of these provisions of the Consulting Agreements.”  Counterclaims
that seek a declaration controlling an ongoing relationship have been held to
be independent of the underlying action.  See BHP Petroleum Co., 800
S.W.2d at 841-42.  However, the continuing obligations Weatherford refers to here
are not actually raised by their counterclaims.  Weatherford’s counterclaims do
not seek enforcement, performance, or damages; rather, Weatherford seeks only
declarations of liability and ownership.  Accordingly, they simply mirror the
controlling issues at issue in Hanby’s claims.  See Digital Imaging Assoc.,
176 S.W.3d at 854 (“A claim that simply mirrors the controlling issues of the
plaintiff’s suit is not a claim for affirmative relief.”).  

A declaratory judgment action is not available to
settle disputes already pending before a court.  See BHP Petroleum Co., 800
S.W.2d at 841-42.  Weatherford’s counterclaims do not aver any facts upon which
affirmative relief could be granted.  See Digital Imaging Assoc., 176
S.W.3d at 855.  Because the counterclaims asserted by Weatherford already
are encompassed by Hanby’s original suit, the trial court abused its discretion
in refusing to nonsuit the entire case.  

            Weatherford further asserts that mandamus should be denied to
prevent “forum shopping.”  We reject this contention because a declaratory
judgment action is not to be used to “deprive the real plaintiff of the
traditional right to chose the time and place of suit.”  BHP Petroleum Co.,
800 S.W.2d at 841. (quoting Abor v. Black, 695 S.W.2d 564, 566
(Tex. 1985)).  

            For these reasons, we conditionally grant the petition for a
writ of mandamus and direct the trial court to vacate its order of October 9,
2009 granting Weatherford’s objection and motion to strike Hanby’s notice of
nonsuit.  We direct the trial court to sign an order dismissing the underlying
lawsuit.  The writ will issue only if the trial court fails to act in
accordance with this opinion.                                                                                                            

                                                                                    

                                                                        PER
CURIAM

 

Panel
consists of Justices Yates, Anderson, and Boyce.









[1]
Weatherford disputes Hanby’s statement of facts in its response.