

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-10-075-CV

IN RE COLBY GLENN RIGGS                                          RELATOR

------------

ORIGINAL PROCEEDING

------------

## OPINION

------------

Relator Colby Glenn Riggs filed a petition for writ of mandamus asking this court to order the Respondent, Steve M. King, Judge of Probate Court No. 1 of Tarrant County to dismiss, upon his notice of nonsuit, Relator's claims against two of the Real Parties in Interest, Edward D. Jones & Co., L.P. and financial advisor William B. Atkins, III, which the trial court has ordered to arbitration. Relator also requested that this court lift the stay of his remaining claims against Real Parties in Interest Dennis Lee Bailey ("D. Bailey")—Individually and as Independent Executor of the Estate of Dorothy Alice Riggs, Deceased, and as Co-Trustee of the DAR Revocable Trust, and Pamela Bailey ("P. Bailey")—Individually, and as Co-Trustee

of the DAR Revocable Trust (collectively the "Baileys"). For the reasons that follow, we conditionally grant relief.

On April 21, 2008, Relator filed his original petition in the trial court seeking damages against the Real Parties in Interest primarily arising from the Real Parties' alleged mismanagement and/or misuse of funds of which Relator is a beneficiary. After answering Relator's petition, on July 29, 2008, Edward D. Jones and Atkins filed a motion to compel arbitration and a motion to stay proceedings as to the Baileys during the pendency of the arbitration. Relator filed a response to the motion to compel arbitration on January 16, 2009. On February 29, 2009, the trial court signed an order compelling arbitration as to the claims against Edward D. Jones and Atkins and staying the underlying proceedings against the Baileys.

On July 31, 2009, Relator filed a notice of nonsuit, a motion to dismiss without prejudice as to Edward D. Jones and Atkins, and a motion to lift the stay of his claims against the Baileys. The trial court denied Relator's motions and he filed this original proceeding.

Relator contends that the trial court abused its discretion by denying his motion to dismiss and motion to lift the stay. The trial court's order does not contain its reasons for denying Relator's motions.

Under Texas law, a plaintiff has an absolute right to take a nonsuit if the defendant has not made a claim for affirmative relief. Tex. R. Civ. P. 162[1]; *see also Travelers Ins. Co. v. Joachim*, No. 08-0941, 2010 WL 1933022, at *1, *2 (Tex. May 14, 2010); *Villafani v. Trejo*, 251 S.W.3d 466, 468–69 (Tex. 2008); *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840–41 (Tex. 1990); *Greenberg v. Brookshire*, 640 S.W.2d 870, 871 (Tex. 1982); *Moseley v. Behringer*, 184 S.W.3d 829, 833–34 (Tex. App.—Fort Worth 2006, no pet). To assert a claim for affirmative relief, a defendant must assert a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation, or relief. *See Gen. Land Office of State of Tex. v. OXY, U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990). A request for arbitration of claims—like that made by Edward D. Jones and Atkins here—is not a cause of action independent of the plaintiff's claim, nor one in which the defendant could recover benefits if the plaintiff abandons his or her cause of action; thus, it is not a claim for affirmative relief. *See id.*[2] If a defendant does nothing more than resist a

---

[1] Such a dismissal shall not prejudice an adverse party's right to recover on a claim for affirmative relief or a motion for sanctions, attorney's fees, or costs. *Id.*

[2] In their response to Relator's motion, Edward D. Jones and Atkins rely on opinions from two of our sister courts which hold that a claim for arbitration survives the filing of a nonsuit because a claim for arbitration is a claim for relief independent of the plaintiff's causes of action. *See Quanto Int'l Co. v. Lloyd*, 897 S.W.2d 482, 487 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding); *see also Joe Williamson Constr. Co. v. Ramondville ISD*, 251 S.W.3d 800, 805–06 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Quanto*, 897 S.W.2d at 487.). We respectfully disagree with the reasoning expressed by our sister courts in *Quanto* and *Joe Williamson*. *See Gen. Land Office*, 789 S.W.2d at 570 (holding that to qualify as a claim for affirmative relief, a defensive pleading must allege that the

plaintiff's right to recover, the plaintiff has an absolute right to the nonsuit. *Id*.; *Newman Oil Co. v. Alkek*, 614 S.W.2d 653, 655 (Tex. App.—Corpus Christi 1981, writ ref'd n.r.e.).

If a defendant has no pending claim for affirmative relief, a trial court's refusal to grant a nonsuit violates a ministerial duty. *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991). A nonsuit extinguishes a case or controversy from the moment the motion is filed or when an oral motion is made in open court. *See FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 632–33 (Tex. 2008); *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006); *Shadowbrook Apartments v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990); *see also Greenberg*, 640 S.W.2d at 872.

We hold that the trial court abused its discretion by denying Relator's motion to dismiss without prejudice the claims against Edward D. Jones and Atkins and Relator's motion to lift the stay of the Bailey claims. Under the facts of this case, Relator has no adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–38 (Tex. 2004) (orig. proceeding). Accordingly, we conditionally

---

defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it); *Moseley*, 184 S.W.2d at 833–34; *Gillman v. Davidson*, 934 S.W.2d 803, 804–05 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding) (Hedges, J., dissenting); *Quanto*, 897 S.W.2d at 488 (Hutson-Dunn, J., dissenting). Neither *Quanto* nor *Joe Williamson* were reviewed by our higher court and, thus, they are persuasive but not binding on the other intermediate appellate courts of our state. *See Aguilar v. Anderson*, 855 S.W.2d 799, 810–11 (Tex. App.—El Paso 1993, writ denied).

4

grant Relator's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(c). We are confident that the trial court will vacate its January 26, 2010 order and render an order granting (1) Relator's motion to dismiss without prejudice his claims against Edward D. Jones & Co., L.P. and William B. Atkins, III and (2) Relator's motion to lift the stay now in effect against Real Parties in Interest, the Baileys, in accordance with this opinion. We instruct our clerk to issue the writ only if the trial court fails to do so.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED: May 19, 2010