Affirmed and Majority and Dissenting Opinions filed August
25, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00892-CV



Elizabeth
Thomas, Appellant 

v.

Dorothy
Elizabeth Cook & Ardyss International, Inc., Appellees 



On Appeal from
the 333rd District Court

Harris County, Texas

Trial Court
Cause No. 2008-50750



 

DISSENTING OPINION 

In this appeal from the trial court’s entry of an
arbitration award as a final judgment, appellant Elizabeth Thomas challenges
the trial court’s jurisdiction to enter a judgment in favor of Ardyss
International, Inc. (“Ardyss”) and Dorothy Cook.  Prior to arbitration, Thomas
nonsuited her claims against Ardyss and Cook.  At the time of her nonsuit, neither
Ardyss nor Cook had filed any claims for affirmative relief in the trial
court.  I would thus conclude that the trial court lost jurisdiction to enter
the arbitration award in this case because at the time it entered the award,
there was no longer a case or controversy before it.  Accordingly, I
respectfully dissent.

The majority opinion adequately sets out the facts of
this case.  Further, I do not disagree with the majority’s determination that a
Texas court has subject matter jurisdiction to enforce arbitration awards under
the Federal Arbitration Act.  See ante at 6–7.  Certainly, had Ardyss
and Cook filed a petition seeking to compel arbitration or to enter the
arbitration award, the trial court would have jurisdiction over such a claim.  Cf.
Tex. Civ. Prac. & Rem. Code Ann. § 171.081 (Vernon 2011) (conferring
jurisdiction on trial courts to enforce arbitration agreements and render
judgment on arbitration awards).  However, I disagree with the majority’s
conclusion that, in the specific procedural posture of this case, which was
filed by Thomas and in which she, as the “driver of the vehicle,” chose to
abandon her claims, the trial court retained jurisdiction to enter judgment.  Simply
put, I disagree with the majority’s conclusion that the mere fact that a trial
court theoretically has jurisdiction over a particular matter, means that it
may necessarily exercise that jurisdiction in all circumstances.  My
disagreement with the majority centers on the following long-standing principal
of law:  “Subject matter jurisdiction requires that the party bringing the suit
have standing, that there be a live controversy between the parties, and
that the case be justiciable.”[1] 
State Bar of Texas v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994) (emphasis
added).

Although I disapprove of the tortuous procedural
maneuvering undertaken by Thomas in this case, the trial court lost
jurisdiction to enter the arbitration award as its judgment because Thomas nonsuited
her claims against both defendants; thus, there was no longer any case or
controversy before it.  See, e.g., Univ. of Tex. Med. Branch at
Galveston v. Blackmon, 195 S.W.3d 98, 101 (Tex. 2006) (per curiam) (filing
of nonsuit has the effect of “rendering the merits of the case moot”); see
also Gomez, 891 S.W.2d at 245.  A trial court may have jurisdiction over a
particular matter, but if there is no case or controversy before it, it has
nothing over which to exercise such jurisdiction.  

Under the Texas Rules of Civil Procedure, a party has
an absolute, unqualified right to take a nonsuit or dismiss a case before she
introduces all of her evidence, as long as the defendant has not made a claim
for affirmative relief.  Tex. R. Civ. P. 162; BHP Petroleum v. Millard,
800 S.W.2d 838, 840 (Tex. 1990).  A claim for affirmative relief must allege a
cause of action, independent of the plaintiff’s claim, on which the claimant
could recover compensation or relief, even if the plaintiff abandons or is
unable to establish her cause of action.  Univ. of Tex. Med. Branch at Galveston,
195 S.W.3d at 100.  A nonsuit is effective when it is filed; the only
requirement is the mere filing of the motion with the clerk of court.  Id. 


Both Ardyss and Cook contend that their motion to
compel arbitration constitutes a request for affirmative relief.  Thus, they
assert that, notwithstanding Thomas’s nonsuit, the trial court retained
jurisdiction over their claim for affirmative relief, i.e., their motion
to compel arbitration.  But a request for arbitration of claims—like that made
by Ardyss and Cook here—is not a cause of action independent of the plaintiff's
claim, nor one in which the defendants could recover benefits if the plaintiff
abandons her cause of action; thus, it is not a claim for affirmative relief.[2]  In re
Riggs, 315 S.W.3d 613, 615 (Tex. App.—Fort Worth 2010, orig. proceeding)
(citing Gen. Land Office of State of Tex. v. OXY, U.S.A., 789 S.W.2d
569, 570 (Tex. 1990)).  “Arbitration is not a basis for recovery; it is,
rather, the means by which recovery is obtained.”  Gillman v. Davidson,
934 S.W.2d 803, 805 (Tex. App.—Houston [1st Dist.] 1996, orig.
proceeding) (en banc) (per curiam) (Hedges, J., dissenting).  

Further, both Ardyss and Cook filed general denials
pursuant to Texas Rule of Civil Procedure 92.  They also asserted numerous
affirmative defenses.  But neither party requested any affirmative relief in
their original answers or in pleadings filed prior to Thomas’s nonsuits.[3]  If a
defendant does nothing more than resist a plaintiff’s right to recover, the plaintiff
has an absolute right to nonsuit.  Riggs, 315 S.W.3d at 615.  Thomas
nonsuited her claims against Ardyss on July 7, 2009;[4] she
dismissed Cook on July 10, 2009.  As noted above, a nonsuit is effective on the
date it is filed.  Univ. of Tex. Med. Branch at Galveston, 195 S.W.3d at
100.  Accordingly, at the time that trial court signed its final judgment in
favor of Ardyss and Cook on October 2, 2009, nearly three months after both
defendants had been nonsuited, there was no case left in which to enter
judgment.  

I would conclude that the trial court lost
jurisdiction to sign the judgment when Thomas nonsuited her claims. 
Accordingly, I would vacate the trial court’s judgment and dismiss this case.

                                                                                    

                                                            /s/                    Adele
Hedges

                                                                                    Chief
Justice

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Boyce (Boyce, J., majority).

 









[1]
As noted by the majority, justiciability requires “‘a real controversy between
the parties, which . . . will be actually determined by the
judicial declaration sought.’”  See ante at 8 (citing United Servs.
Life Ins. Co. v. Delaney, 396 S.W.2d 855, 860 (Tex. 1965)).





[2]
As noted by the majority, two of our sister courts have held that an
arbitration claim survives the filing of a nonsuit because it is a claim for
relief independent of the plaintiff’s causes of action.  See Joe Williamson
Constr. Co. v. Raymondville Indep. Sch. Dist., 251 S.W.3d 800, 805–06 (Tex.
App.—Corpus Christi 2008, no pet.); Quanto Int’l Co. v. Lloyd, 897
S.W.2d 482, 487 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding).  I
respectfully disagree with the reasoning expressed by our sister courts.  See
Gen. Land Office, 789 S.W.2d at 570 (stating that to qualify as claim for
affirmative relief, defensive pleading must allege an independent cause of
action on which he could recover even if plaintiff abandoned claim); Gillman
v. Davidson, 934 S.W.2d 803, 804–05 (Tex. App.—Houston [1st Dist.] 1996,
orig. proceeding) (en banc) (per curiam) (Hedges, J., dissenting) (concluding
that arbitration is not a basis for recovery but a means by which recovery is
obtained); Quanto, 897 S.W.2d at 488 (Hutson-Dunn, J., dissenting)
(“Once Quanto abandoned its claims by filing a nonsuit, no other claims were on
file to be resolved by arbitration.”).  Because neither Quanto nor Joe
Williamson was reviewed by our high court, they are persuasive, but not
binding, on the other intermediate appellate courts of this state.  See
Riggs, 315 S.W.3d at 615 n.2; cf. In re Swift Transp. Co., 311
S.W.3d 484, 490 n.2 (Tex. App.—El Paso 2009, orig. proceeding).





[3]
Both parties included in their conclusions and prayers a request for attorney’s
fees and costs.  However, “[a] general prayer for relief will not support an
award of attorney’s fees because it is a request for affirmative relief that
must be supported by the pleadings.”  Alan Reuber Chevrolet, Inc. v. Grady Chevrolet,
Ltd., 287 S.W.3d 877, 884 (Tex. App.—Dallas 2009, no pet.).  Further, a
request for attorney’s fees in the defendant’s answer, not made in connection
with an affirmative claim alleging that the opposing party has independently
committed a breach of the party’s contract, does not constitute a claim for
affirmative relief.  See Leon Springs Gas Co. v. Rest. Equip. Leasing Co.,
961 S.W.2d 574, 578 (Tex. App.—San Antonio 1997, no pet.).  Neither Ardyss nor
Cook alleged an independent claim for attorney’s fees based on any breach of
contract by Thomas.  Thus there is no basis for the award of attorney’s fees to
them, and they had no other claim for affirmative relief pending that would
preclude dismissal based on Thomas’s nonsuit and dismissal motions.  See id.






[4]
Thomas arguably nonsuited her claims against Ardyss months earlier when she
filed an amended petition omitting Ardyss as a defendant on April 27, 2009.  See
FKM P’ship, Ltd. v. Board of Regents of Univ. of Houston Sys., 255 S.W.3d
619, 634 (Tex. 2008) (citing Webb v. Jones, 488 S.W.2d 407, 409 (Tex.
1972) and stating that an amended petition omitting claims acts as a voluntary
dismissal of those claims).