# NO. 12-17-00338-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *HUBERT PHILLIPS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Hubert Phillips has filed this original proceeding in which he complains of the trial court's order denying his notice of nonsuit. We deny the writ.[1]

## BACKGROUND

Phillips sued Sharon Carver, trustee of the Victor Shawn Phillips Irrevocable Trust, for partition or sale of real property in the county court at law of Van Zandt County. Phillips and Carver co-own the disputed property. Carver filed a cross-petition for transfer and partition of real and personal property on grounds that a suit for partition must be brought in a district court. The county court at law judge subsequently transferred the case to the 294th District Court in Van Zandt County.

The parties agreed to an appointment of commissioners to determine whether the real property could be partitioned. On September 12, 2017, the commissioners determined that the property could not be partitioned in kind. On October 10, Phillips filed a notice of nonsuit. The notice explained that he conveyed his interest in the disputed property to his son and daughter-in-law on October 5 and that the property could now be divided because his son owned property, and maintained an easement, next to the disputed tract. On October 11, the trial court signed an

---

[1] Respondent is the Honorable Teresa Drum, Judge of the 294th Judicial District Court in Van Zandt County, Texas. The Real Party in Interest is Sharon Carver, trustee of the Victor Shawn Phillips Irrevocable Trust.

order denying the motion for nonsuit, concluding that the nonsuit was untimely and appointing a broker to sell the disputed property. This original proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding). Absent a claim by a defendant for affirmative relief, a trial court's refusal to grant a nonsuit violates a ministerial duty and should be corrected by mandamus. *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding); *In re Riggs*, 315 S.W.3d 613, 616 (Tex. App.—Fort Worth 2010, orig. proceeding).

## ABUSE OF DISCRETION

In his sole issue, Phillips contends that the trial court abused its discretion by signing an order denying the notice of nonsuit. According to Carver, the trial court did not abuse its discretion by denying the nonsuit because her counterclaim for affirmative relief was pending and the nonsuit was untimely.

### Applicable Law

"A trial court abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d at 382 (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)). A "nonsuit" is a termination of the pleaded causes of action and asserted defenses without an adjudication of their merits that returns the litigants to the positions they occupied before the plaintiff invoked the court's jurisdiction. *In re C.T.*, No. 12-11-00384-CV, 2012 WL 4502427, at *2 (Tex. App.—Tyler Sept. 28, 2012, pet. denied) (mem. op.). "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in

2

the minutes." TEX. R. CIV. P. 162. "Ordinarily, a party has an absolute right to a nonsuit the moment it makes a timely oral or written request for the nonsuit, and a trial court is without discretion to refuse an order dismissing a case." *In re C.T.*, 2012 WL 4502427, at \*2. "A nonsuit extinguishes a case or controversy from the moment the motion is filed or when an oral motion is made in open court." *Riggs*, 315 S.W.3d at 615. When the defendant has no pending claim for affirmative relief, the trial court's refusal to grant a nonsuit violates a ministerial duty. *Id.*; *see Hooks*, 808 S.W.2d at 59.

However, any dismissal pursuant to Rule 162 "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief[.]" TEX. R. CIV. P. 162. "To qualify as a claim for affirmative relief, a party must allege a cause of action, independent of the plaintiff's claim, on which the party could recover compensation or relief even if the plaintiff abandons, or is unable to establish, his cause of action." *Digital Imaging Assoc., Inc. v. State*, 176 S.W.3d 851, 854 (Tex. App.—Houston [1st Dist.] 2005, no pet.). "A claim that simply mirrors the controlling issues of the plaintiff's suit is not a claim for affirmative relief." *Id.*

**Analysis**

According to Phillips, the trial court was required to acknowledge his notice of nonsuit rather than denying the nonsuit. He maintains that Carver's cross-petition merely quotes from his petition. Carver responds that the nonsuit was untimely because the commissioners' report served as the only evidence needed for partition, and that the trial court properly denied the nonsuit because her claim for affirmative relief remained pending.

The trial court's order states that "the non-suit is not timely and is not acceptable to the Court." The record contains no written findings of fact and conclusions of law detailing the trial court's reasons why it believed the nonsuit to be either untimely or unacceptable.[2] In such a case, the order must be upheld on any legal theory that finds support in the evidence. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *see also In re Williams*, 328 S.W.3d 103, 112 (Tex. App.—Corpus Christi 2010, orig. proceeding).

In *Johnson v. Evans*, No. 14-08-00610-CV, 2010 WL 431293 (Tex. App.—Houston [14th Dist.] Feb. 9, 2010, pet. denied) (mem. op.), the Fourteenth Court of Appeals addressed whether Rule 162 "allows a plaintiff, *in a partition action*, to use the procedural vehicle of

---

[2] At a hearing on the commissioners' report, when finding the nonsuit untimely, the trial court noted that a cross-claim was pending and the commissioners had been appointed.

nonsuit to remove its request to physically partition land subject of the suit after the trial court has determined ownership." *Johnson*, 2010 WL 431293, at *3. The Evanses and the Jasper heirs shared ownership of two tracts of land, in which Johnson also claimed an interest. *Id*. at *1. The Evanses filed a partition suit. *Id*. The trial court determined that only the Evanses and the Jasper heirs had ownership rights to Tract 1. *Id*. at *4. After the trial court adjudicated the parties' ownership interests and the appointed commissioners returned a report proposing partition, but before the trial court adjudicated the Evanses's physical-partition claims, the Evanses moved to nonsuit their claim to partition Tract 1. *See id*. at *2, 4. Johnson appealed, asserting in part that the nonsuit was improper. *Id*. at *1. The Fourteenth Court explained that the nonsuit could not alter the ownership determinations because ownership had already been adjudicated at the time of nonsuit. *Id*. at *4. Accordingly, the Jasper heirs' 1/8 interest in Tract 1 was untouched and unaffected by the nonsuit. *Id*. Determining that the trial court did not err by granting the nonsuit, the Fourteenth Court stated:

> Procedurally, the issue of ownership was not pending at the time of nonsuit; the only claim pending at the time of nonsuit was the claim to physically divide both tracts of land. As a pending claim, yet to be litigated, physical partition of Tract 1 was amenable to nonsuit….While Johnson claimed an interest in Tract 1 as an heir of Eldredge Jasper, Johnson did not file a counterclaim or otherwise seek affirmative relief to prove his heirship. Moreover, Johnson did not file a counterclaim or otherwise make a request for affirmative relief to partition Tract 1.

*Id*. at *4 (internal citations omitted).

In this case, both Phillips and Carver have an ownership interest in the subject property. The record indicates that only the issue of partition, not ownership, was pending at the time of Phillip's nonsuit. As in *Johnson*, Phillips filed a nonsuit after the commissioners returned their report recommending partition and while the issue of physical partition remained pending. However, unlike in *Johnson*, Carver did not merely claim an interest in the property. Rather, Carver filed a cross-petition seeking partition and the recovery of costs and expenses. Phillips is correct that Carver quotes from his petition; however, Carver's petition also specifically states, "Counter-Petitioner believes that the property is not partion-able without material injury to the rights of the parties and the value of the real property and requests that a sale of all of the property is necessary." Accordingly, Carver sought affirmative relief in the form of her own request for sale of the property, as well as costs and expenses. *See CTL/Thompson Texas, LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013) (nonsuit shall not

prejudice adverse party's right to be heard on pending claim for affirmative relief, such as a counterclaim or cross-claim); *see also **Villafani v. Trejo***, 251 S.W.3d 466, 469 (Tex. 2008) ("a plaintiff's nonsuit cannot extinguish a defendant's counterclaim for costs and attorney's fees[]").

Because Carver sought affirmative relief, we conclude that the trial court's denial of Phillips's nonsuit was not so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or clear failure to correctly analyze or apply the law. *See **In re Cerberus Capital Mgmt., L.P.***, 164 S.W.3d at 382. Absent such an abuse of discretion, Phillips has not shown an entitlement to mandamus relief.

## DISPOSITION

Having determined that Phillips failed to demonstrate an abuse of discretion, we conclude that he has not satisfied the first prerequisite for mandamus relief. Accordingly, we **deny** Phillips's petition for writ of mandamus.

Opinion delivered December 21, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 21, 2017

NO. 12-17-00338-CV

**HUBERT PHILLIPS,**
Relator
V.

**HON. TERESA DRUM,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Hubert Phillips; who is the relator in Cause No. 17-00087, pending on the docket of the 294th Judicial District Court of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on November 2, 2017, and the same having been duly considered, because it is the opinion of this Court that a writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*