

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00095-CV

———————————————

IN THE INTEREST OF M.W., A CHILD

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-696678-21

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

Appellant M.W. (Father) attempts to appeal a notice of nonsuit filed by appellee the Office of the Attorney General (the OAG). Because Father lacks standing to challenge the OAG's notice of nonsuit, we dismiss this appeal for want of jurisdiction.

The OAG brought this suit in March 2021, requesting that the trial court order Father to pay current and retroactive child, medical, and dental support for his child, M.W. (the Child). Father answered, requesting that his child support payments be waived or that the OAG seek his Social Security disability payments on behalf of the Child. The OAG later filed its notice of nonsuit. The trial court did not sign an order on the OAG's notice of nonsuit, but such an order was not required. *See Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) (stating that "[n]o court order is required" following a plaintiff's nonsuit).

A plaintiff has an absolute right to take a nonsuit. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). When a nonsuit is taken, the nonsuit does not prevent a defendant from being heard on his own claims for affirmative relief, if any. *See In re Estate of Garza*, No. 13-14-00730-CV, 2015 WL 3799370, at *3 (Tex. App.—Corpus Christi–Edinburg June 18, 2015, no pet.) (mem. op.); *Hirner v. Doe*, No. 12-08-00046-CV, 2009 WL 1871794, at *1 (Tex. App.—Tyler June 30, 2009, no pet.) (mem. op.). However, after a plaintiff takes a nonsuit against a defendant, a defendant who has no outstanding claims for affirmative relief is no longer a party to the suit with

standing to appeal. *Garza*, 2015 WL 3799370, at *3; *Hirner*, 2009 WL 1871794, at *1. In such an instance, "there is no longer a case or controversy, and the court of appeals has no jurisdiction over the suit." *Garza*, 2015 WL 3799370, at *3; *see Hirner*, 2009 WL 1871794, at *1.

On May 3, 2022, we notified Father of our concern that he lacks standing to appeal the OAG's notice of nonsuit because he does not have any outstanding claims for affirmative relief in the trial court.[1] We informed Father of our concern that because he lacks standing, we lack jurisdiction over his appeal. We explained that unless he or any party desiring to continue the appeal filed a response by May 13, 2022, showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Father did not file a response. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Garza*, 2015 WL 3799370, at *3 (dismissing appeal for want of jurisdiction after the plaintiff nonsuited the case and the defendant had no outstanding claims for affirmative relief); *Hirner*, 2009 WL 1871794, at *1 (same).

---

[1]"To assert a claim for affirmative relief, a defendant must assert a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation, or relief." *In re Riggs*, 315 S.W.3d 613, 615 (Tex. App.—Fort Worth 2010, orig. proceeding).

3

/s Dana Womack

Dana Womack
Justice

Delivered:  June 9, 2022