NEWMAN OIL COMPANY et al., Appellants,

v.

Albert B. ALKEK and Foremost Petroleum Corporation, Appellees.

No. 20068.

Court of Civil Appeals of Texas, Dallas.

July 13, 1979.

John Feather, Johnston & Feather, Dallas, for appellants.

Thomas R. McDade, Fulbright & Jaworski, Houston, for appellees.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

GUITTARD, Chief Justice.

■ Appellants, plaintiffs in the trial court, have appealed from an order sustaining a plea of privilege. They now move to reverse and remand on the ground that after they perfected the appeal, appellees waived their plea of privilege by serving a notice to take a series of depositions. We overrule the motion on the ground that Rule 88, Tex.R.Civ.P., expressly provides: "Issuing process for witnesses and taking depositions shall not constitute a waiver of a plea of privilege . . . ."

Appellants contend that this rule applies only to depositions taken for the purpose of discovery on the venue issues. They argue that to take depositions for the discovery of facts pertaining to the merits invokes the court's jurisdiction on a matter not relating to venue and waives the plea of privilege.

■ We do not read the rule so narrowly. We conclude, rather that the purpose of Rule 88 is to enable the parties to proceed with preparation for trial on the merits, promptly and unhampered, so that the plea of privilege will not delay final disposition of the suit. *Texas Land & Development Co. v. Myers,* 239 S.W. 303, 304 (Tex.Civ. App.—San Antonio 1922, writ dism'd). Consequently, depositions before disposition of the plea of privilege need not be limited to venue issues.

In support of their motion, appellants cite *Howe Grain & Mercantile Co. v. Taylor,* 147 S.W. 656 (Tex.Civ.App.—San Antonio 1912, no writ). That case holds that a defendant waives his plea of privilege by moving, be-fore the venue hearing, to quash a deposition taken by plaintiff. The opinion does not refer to the statute which is now Rule 88. Apparently the court was of the opinion that a motion to quash a deposition is not necessary to preparation for trial and is inconsistent with maintenance of a plea asking for transfer of the trial to another county. In the present case no action of appellees is shown that would be inconsistent with a trial in either county. Consequently, we hold that plaintiffs' motion fails to establish that defendants have waived their plea.

■ In the alternative, appellants move the court for a protective order relieving them from the duty to appear for depositions on the ground that the notice for nine depositions on ten successive business days is an undue burden and has been served solely for harassment. This motion is not within our jurisdiction. The only matter pending before us is the venue appeal. The action on the merits is still pending in the district court of Dallas County, since its transfer has been suspended by the appeal under the provisions of Rule 385(c), Tex.R. Civ.P. Until the transfer becomes effective, that court has full power to protect the rights of the parties. *Preissman v. Allied Bank of Texas,* 525 S.W.2d 265, 267 (Tex.Civ.App.—San Antonio 1975, no writ).

Finally, we note appellants' reference to appellees' representation concerning a "directive" by the Chief Justice of this court ordering appellants to submit to depositions on the merits. The Chief Justice has made no such directive, and, for reasons already pointed out, this court has no jurisdiction with respect to discovery. The misconception apparently arose from the fact that counsel for appellees had approached our clerk concerning a motion to advance the appeal on the ground that otherwise appellees would be delayed in proceeding with their depositions. After consulting with the Chief Justice, the clerk advised that the pendency of the appeal provided no apparent occasion to delay the depositions. The court now adopts that view.

The motion to reverse on the record is overruled and motion for protective order is dismissed.