NEWMAN OIL COMPANY et
al, Appellants,

v.

Albert B. ALKEK and Foremost
Petroleum Corp., Inc., Appellees.

No. 1700.

Court of Civil Appeals of Texas,
Corpus Christi.

April 16, 1981.

Rehearing Denied May 7, 1981.

John Feather, Johnston & Feather, Dallas, for appellants.

Thomas R. McDade, Daniel M. McClure, Fulbright & Jaworski, Houston, for appellees.

OPINION

NYE, Chief Justice.

This is an appeal by plaintiffs Newman Oil Company, et al., from an order denying plaintiffs' motion for nonsuit, Pleas of Privilege, and Pleas in Abatement, and from the trial court's granting of defendants' motion for summary judgment. The trial court granted defendant Alkek's motion for nonsuit on his libel and slander counterclaim against plaintiffs. Plaintiffs contend on appeal that all of the above orders of the trial court, except the order granting defendant Alkek's motion for nonsuit on his libel and slander counterclaim, are erroneous.

A review of the pertinent factual background is as follows: the present cause of action is a suit for damages resulting from alleged fraudulent representations and promises made by the defendants in violation of the Deceptive Trade Practices Act and in breach of contract. It was filed by plaintiffs in State District Court in Dallas County, Texas, on September 15, 1978.[1]

1. At the time of this State action, there was and is now pending in the United States District Court of the Northern District of Texas an action which involves essentially the same parties and issues.

The named defendants in this State action were Albert B. Alkek, Foremost Petroleum Corporation, Inc., and the Atlantic Richfield Company. Alkek and Foremost filed Pleas of Privilege to be sued in Victoria County, Texas. These pleas were granted and were eventually sustained by the Court of Civil Appeals for the Fifth Supreme Judicial District. *Newman Oil Co. v. Alkek*, 585 S.W.2d 340 (Tex.Civ.App.—Dallas 1979). After the cause of action, as it related to Alkek and Foremost, was transferred to Victoria County, Texas, Alkek and Foremost filed a counterclaim which sought declaratory relief on the basis that they had not committed fraud; had not engaged in any deceptive trade practices; had not breached any contracts; and were not liable under the Texas Deceptive Trade Practices—Consumer Protection Act. Defendant Alkek filed and later took a nonsuit on a counterclaim for libel and slander. Alkek and Foremost moved for summary judgment on their counterclaim for declaratory relief, denying under oath the claims asserted against them in plaintiffs' Original Petition.

In the intervening time while the case was pending in the Victoria District Court, plaintiffs filed a motion for Dismissal Without Prejudice (Nonsuit); Pleas of Privilege; Pleas in Abatement as to each plaintiff; and an Original Answer in response to defendants' petition for declaratory judgment and defendant Alkek's counterclaim. In addition, the plaintiffs filed (subject to their Pleas of Privilege and Pleas in Abatement) a response in opposition to defendants' motion for summary judgment.

The trial court granted defendants' motion for summary judgment upon the declaratory relief action and denied all of plaintiffs' motions and pleas.

Plaintiffs are contending on appeal that the trial court erred in (1) granting defendants' motion for summary judgment for declaratory relief, (2) denying their Pleas of Privilege and Pleas in Abatement, and (3) in refusing to grant their motion for nonsuit. We first discuss plaintiffs' point of error relating to their motion for nonsuit.

Plaintiffs, in support of their contention that the trial court erred in denying their motion for nonsuit, argue that Rule 164, T.R.C.P., gives a plaintiff an absolute right to take a nonsuit so long as it will not have the effect of prejudicing the right of an adverse party to be heard on his claim for affirmative relief. Plaintiffs contend that, since defendants' claim for declaratory relief is not a claim for affirmative relief, because by definition declaratory relief is available only in lieu of affirmative relief, the trial court should have granted the motion for nonsuit.

■ It is well-established law that a plaintiff's right to take a nonsuit (when affirmative relief is not sought by defendant) is absolute and cannot be denied by the trial court. *Brooks v. O'Connor*, 120 Tex. 121, 39 S.W.2d 22 (1931); *Corpus Christi Bank & Trust v. Cross*, 586 S.W.2d 664 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.); *Ex Parte Helle*, 477 S.W.2d 379 (Tex.Civ.App.—Corpus Christi 1972, no writ). Rule 164, T.R.C.P., states:

> "Upon the trial of any case at any time before plaintiff has rested his case, i. e., has introduced all of his evidence other than rebuttal evidence, the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief."

This rule is to be liberally construed in favor of a plaintiff's right to take a nonsuit. *Luck v. Welch*, 243 S.W.2d 589 (Tex.Civ. App.—Fort Worth 1951, writ ref'd n. r. e.); *Roberts v. Morgan*, 502 S.W.2d 31 (Tex.Civ. App.—Fort Worth 1973, writ ref'd n. r. e.). In order for us to determine whether a nonsuit was proper in the present case, we must first determine whether defendants were actually seeking affirmative relief.

Defendants' counterclaim reads as follows:

"... That the Court enter its Declaratory Judgment as follows:

A.  Plaintiffs are not entitled to any relief under the Texas Deceptive Trade Practices—Consumer Protection Act;

B.  Defendant and Counter-claimant has not engaged in common law tort, fraud or deceptive trade practice in the execution of a three-party agreement; that Defendant is not in breach of contract on any claim cognizable under laws of the State of Texas or otherwise as alleged by Plaintiffs...."

And finally, defendants prayed that the court find that plaintiffs are not entitled to any relief under the Texas Deceptive Trade Practices—Consumer Protection Act because the same became moot before any ruling by the present trial judge by virtue of plaintiffs' conceding that they were not consumers under the Act.

■ In order for a defendant to qualify as seeking affirmative relief in his counterclaim, his pleadings must allege facts which show that he has a cause of action, independently of plaintiff's claim, on which he might proceed to recover benefits, compensation, or relief even though plaintiff abandons his cause of action or fails to establish it. If the defendant is doing no more than resisting plaintiff's recovery, the plaintiff has the absolute right to a nonsuit. *Hoodless v. Winter*, 80 Tex. 638, 16 S.W. 427 (1891); *Ex Parte Helle*, supra.

■ We hold that the above allegations pled in defendants' counterclaim are not any averments of fact upon which affirmative relief could be granted. They are merely denials of plaintiffs' cause of action. Since plaintiffs had an absolute right to a nonsuit, the trial court had no other alternative than to grant the nonsuit and dismiss plaintiffs' cause of action without prejudice. Accordingly, the trial court's other rulings were erroneous.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter an order granting plaintiffs' motion for nonsuit.

BISSETT, J., not participating.