ACCEPTED
13-14-00516-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/30/2015 6:38:30 PM
DORIAN RAMIREZ
CLERK

## NO. 13-14-00516-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/30/2015 6:38:30 PM
DORIAN E. RAMIREZ
Clerk

# IN THE COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS

### PATRICK HLAVATY AND JEFF STRNADEL,
*Appellants and Cross-Appellees,*

v.

### COMMERCIAL STATE BANK OF EL CAMPO, TEXAS, INC.,
*Appellee and Cross-Appellant.*

## COMMERCIAL STATE BANK OF EL CAMPO, TEXAS, INC.'S APPELLEE'S BRIEF

From the District Court of Wharton County, Texas,
329th Judicial District; Trial Court Case No. 44081

DAWN S. HOLIDAY
TBA No. 24046090
MIA B. LORICK
TBA No. 24091415
Roberts Markel Weinberg Butler Hailey PC
2800 Post Oak Blvd., 57th Floor
Houston, TX 77056
Tel: (713) 840-1666
Fax: (713) 840-9404
dholiday@rmwbhlaw.com
mlorick@rmwbhlaw.com
ATTORNEYS FOR APPELLEE / CROSS-APPELLANT,
COMMERCIAL STATE BANK OF EL CAMPO, TEXAS, INC.

## ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

| Appellants / Cross-Appellees | Trial Court Counsel | Appellate Counsel |
|---|---|---|
| Patrick Hlavaty and Jeff Strnadel | Howard H. Singleton<br>Singleton Law Firm<br>109 East Milam Street<br>Wharton, TX  77488<br>Tel: (979) 532-9800<br>Fax: (979) 532-9805<br>singletonlaw@sbcglobal.net | Walter James Kronzer, III<br>Walter James Kronzer, III, P.C.<br>3000 Weslayan, Suite 247<br>Houston, TX  77027<br>Tel: (713) 622-5756<br>Fax: (713) 622-5445<br>wkronzer@kronzer.com<br><br>Howard H. Singleton<br>Singleton Law Firm<br>109 East Milam Street<br>Wharton, TX  77488<br>Tel: (979) 532-9800<br>Fax: (979) 532-9805<br>singletonlaw@sbcglobal.net |

| Appellee / Cross-Appellant | Trial Court Counsel | Appellate Counsel |
|---|---|---|
| Commercial State Bank of El Campo, Texas, Inc. | Gregg S. Weinberg<br>Dawn S. Holiday<br>Chase A. Evans<br>Roberts Markel Weinberg<br>Butler Hailey PC<br>2800 Post Oak Blvd., 57th Fl.<br>Houston, TX  77056<br>Tel: (713) 840-1666<br>Fax: (713) 840-9404<br>gweingerg@rmwbhlaw.com<br>dholiday@rmwbhlaw.com<br>cevans@rmwbhlaw.com | Dawn S. Holiday<br>Mia B. Lorick<br>Roberts Markel Weinberg<br>Butler Hailey PC<br>2800 Post Oak Blvd., 57th Fl<br>Houston, TX  77056<br>Tel: (713) 840-1666<br>Fax: (713) 840-9404<br>dholiday@rmwbhlaw.com<br>mlorick@rmwbhlaw.com |

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL.....................................................ii

TABLE OF CONTENTS ......................................................................iii

TABLE OF AUTHORITIES..................................................................v

RECORD REFERENCES ...................................................................viii

STATEMENT OF THE CASE ...............................................................ix

ISSUES PRESENTED ...........................................................................x

STATEMENT REGARDING ORAL ARGUMENT................................xi

STATEMENT OF FACTS ...................................................................... 1

PROCEDURAL HISTORY...................................................................... 3

SUMMARY OF THE ARGUMENT ........................................................ 5

ARGUMENTS AND AUTHORITIES...................................................... 8

    I. Standard of Review.................................................................... 8

    II. Appellants' argument that CSB's nonsuit as to all defendants was interlocutory is misplaced and incorrect. ........................... 9

        A. Appellants rely on *Crites v. Collins* and *Unifund CCR Partners v. Villa*, which are not applicable to the issues presented here. .............................................................. 10

        B. The only matter pending at the time of CSB's final nonsuit of remaining defendants was Appellants' Rule 13 motion for sanctions. ....................................................... 14

III. Appellants did not have any pending counterclaims at the time of the final nonsuit on September 1, 2010. ...................... 18

    A. Appellants' request for attorney's fees is not an independent cause of action. ............................................. 18

    B. Appellants' amended counterclaims filed after CSB's September 1, 2010 nonsuit of all parties are void as a matter of law. ............................................................... 20

IV. The trial court retained limited jurisdiction over Appellants' Rule 13 motion for sanctions for only a reasonable amount of time after CSB's non-suit—not three and a half years ........... 21

    A. Three and a half years is not a reasonable amount of time. ............................................................................... 22

    B. The trial court lost plenary power on December 15, 2013, and therefore, was without jurisdiction to enter an order of sanctions on June 11, 2014. ......................................... 25

CONCLUSION ................................................................................. 26

PRAYER .......................................................................................... 27

CERTIFICATE OF COMPLIANCE ...................................................... 28

CERTIFICATE OF SERVICE .............................................................. 28

# TABLE OF AUTHORITIES

**Case Law**

*Binford v. Snyder,*
    189 S.W.2d 471 (Tex. 1945) ............................................................ 19

*CTL/Thompson Tex., L.L.C. v. Starwood Homeowner's Ass'n,*
    390 S.W.3d 299 (Tex. 2013) .......................................................... 13

*Crites v. Collins,*
    284 S.W.3d 839 (Tex. 2009) .............................................. 10, 11, 16

*Digital Imaging Assocs. v. State,*
    176 S.W.3d 851 (Tex. App.—Houston [1st Dist.] 2005) ................... 20

*Downer v. Aquamarine Operators Inc.,*
    701 S.W.2d 238 (Tex. 1985) ............................................................ 8

*Eichelberger v. Eichelberger,*
    582 S.W.2d 395 (Tex. 1979) ............................................................ 8

*Gen. Land Office v. Oxy U.S.A., Inc.,*
    789 S.W.2d 569 (Tex. 1990) ............................................... 20, 23, 24

*Greenberg v. Brookshire,*
    640 S.W.2d 870 (Tex. 1982) ............................................... 20, 23, 24

*Guidry v. Envtl. Procedures, Inc.,*
    388 S.W.3d 845 (Tex. App.—Houston [14th Dist.] 2012) ............... 15

*Hansson v. Time Warner Entm't Advance,*
    No. 03-01-00578-CV, 2002 LEXIS 2058 (Tex. App.—Austin Mar. 21,
    2002) .......................................................................................... 20

*In re Bennett,*
    960 S.W.2d 35 (Tex. 1997) .......................................... 21, 22, 23, 24

*In re Fuentes,*
    960 S.W.2d 261 (Tex. App.—Corpus Christi 1997) ........................ 25

*In re Metro. Lloyds Ins. Co. of Tex.,*
   No. 05-08-01712-CV, 2009 LEXIS 1764 (Tex. App.—Dallas Mar. 13,
   2009) .................................................................................................. 23

*In re Reynolds,*
   No. 14-14-00329-CV, 2014 Tex. App. LEXIS 7105 (Tex. App.—
   Houston [14th Dist.] July 1, 2014) (mem.) ...................................... 17

*In re Riggs,*
   315 S.W.3d 613 (Tex. App.—Fort Worth 2010) ............................... 20

*In the Interest of T.G.,*
   68 S.W.3d 171 (Tex. App.—Houston [1st Dist.] 2002) .................... 14

*Kutch v. Del Mar College,*
   831 S.W.2d 506 (Tex. App.—Corpus Christi 1992) ........................... 8

*Lane Bank Equip. Co. v. Smith S. Equip., Inc.,*
   10 S.W.3d 308 (Tex. 2000) ................................................. 15, 17, 18

*Mantri v. Bergman,*
   153 S.W.3d 715 (Tex. App.—Dallas 2005) ...................................... 15

*Martin v. Tex. Dep't of Family & Protective Servs.,*
   176 S.W.3d 390 (Tex. App.—Houston [1st Dist.] 2004) ....... 15, 16, 17

*Metzger v. Sebek,*
   892 S.W.2d 20 (Tex. App.—Houston [1st Dist.] 1994) ...................... 8

*Newman Oil Co. v. Alkek,*
   614 S.W.2d 653 (Tex. App.—Corpus Christi 1981) .................... 20, 23

*Scott & White Mem'l Hosp. v. Schexnider,*
   940 S.W.2d 594 (Tex. 1996) ........................................................... 25

*Strawder v. Thomas,*
   846 S.W.2d 51 (Tex. App.—Corpus Christi 1992) ............... 20, 23, 24

*Unifund CCR Partners v. Villa,*
   299 S.W.3d 92 (Tex. 2009) ....................................................... 11, 12

*United Oil & Minerals v. Costilla Energy,*
   1 S.W.3d 840 (Tex. App.—Corpus Christi 1999) ............................. 20

*Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon,*
    195 S.W.3d 98 (Tex. 2006) ..................................................... 21, 23, 24

*Villafani v. Trejo,*
    251 S.W.3d 466 (Tex. 2008) ........................................................... 16

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West) ........................... 13

**Rules**

Tex. R. Civ. P. 162 ................................................................ 5, 6, 10, 21
Tex. R. Civ. P. 13 ............................................................................. 15

# RECORD REFERENCES

***Citations in this Appellee's Brief to the Parties are as follows:***

Appellee Commercial State Bank of El Campo, Texas, Inc. will be referred to as "CSB" or "Appellee."

Appellant Patrick Hlavaty will be referred to as "Hlavaty."

Appellant Jeff Strnadel will be referred to as "Strnadel."

Appellants Patrick Hlavaty and Jeff Strnadel will be collectively referred to as "Appellants."

***Citations in this Appellee's Brief to the record are as follows:***

CR – Clerk's Record designated by Commercial State Bank of El Campo, Texas, Inc. and filed in this Court on 10/27/2014 (i.e. CR [page]; e.g. CR 1)

Appellants' Brief – Patrick Hlavaty and Jeff Strnadel Appellants' Brief (i.e., Appellants' Brief [page]; e.g. Appellants' Brief 1)

# STATEMENT OF THE CASE

*Nature of the case:*      This appeal arises from an order granting CSB's Motion to Dismiss for lack of subject matter jurisdiction and the trial court entering an order of sanctions against CSB ***after*** the trial court determined it lost jurisdiction as to all parties in this case.

*Trial Court Disposition:*      Hlavaty and Strnadel filed a Motion for Rule 13 sanctions against CSB on May 17, 2010. (CR 56–59). On June 23, 2010, CSB filed a notice of nonsuit as to Hlavaty and Strnadel. (CR 100). On September 1, 2010, CSB filed a notice of nonsuit as to the remaining defendants. (CR 126). The trial court signed an order of dismissal on November 15, 2013. (CR 559). But on June 11, 2014, the trial court granted Hlavaty and Strnadel's motion for Rule 13 sanctions. (CR 788). CSB subsequently filed a Motion to Vacate the Order for Sanctions for lack of jurisdiction. (CR 791). On August 29, 2014, the trial court denied CSB's Motion to Vacate the Order for Sanctions. (CR 853).

*Trial Court:*      329th Judicial District of Wharton County, Texas.

# RESPONSE TO APPELLANTS' ISSUES PRESENTED

1. The trial court did not abuse its discretion when it granted CSB's motion to dismiss and found that it lost jurisdiction over this matter on December 15, 2013.

2. The trial court did not abuse its discretion in finding that at the time of the final nonsuit, Appellants did not have any pending counterclaims.

3. The trial court did not abuse its discretion in holding that it only had a reasonable amount of time to resolve collateral matters such as Appellants' Rule 13 motion for sanctions.

# STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Appellate Procedure Rule 52.8(b)(4), Appellee respectfully requests oral argument on belief it will materially aid the Court in determination of the legal and procedural issues presented for review.

## STATEMENT OF FACTS

CSB brought suit for damages arising from fraud and dishonesty committed by former bank employees.[1]  The suit was brought against nine defendants following internal investigations, as well as an ongoing investigation by the Secret Service, which revealed fraudulent conduct on behalf of the defendants.[2] CSB subsequently nonsuited its claims against all defendants and the trial court entered an order of final nonsuit on November 15, 2013.[3]

However, on June 14, 2014 – six months after the trial court determined that it lost plenary jurisdiction over this case, the trial court entered an order of sanctions against CSB.[4] The granting of CSB's motion to dismiss and the entry of the order of sanctions post-expiration of the trial court's jurisdiction are the subject of this appeal.

By way of background, on or about February 17, 1987, Patrick Hlavaty ("Hlavaty") began employment with CSB as vice president in the mortgage lending department.[5] He was responsible for marketing the bank's services as well as evaluating and recommending mortgage

---

[1] CR 23–43.
[2] CR 23; CR 777–78.
[3] CR 784.
[4] CR 559; CR 788.
[5] CR 27.

1

lending and real estate loans to the loan committee.[6] On October 31, 2007, Hlavaty was asked to resign from his position because internal investigations revealed dishonesty, fraud, self-dealing, and numerous breaches of fiduciary duties owed to CSB.[7] The acts that led to Hlavaty's requested resignation were falsifying information, failing to disclose his interest in certain corporations, and accepting kickbacks on loans made to various customers.[8] Hlavaty's bad acts gave rise to this lawsuit.[9]

Jeff Strnadel ("Strnadel") was also an employee of CSB.[10] Part of Strnadel's duties and responsibilities were to make physical site inspections of construction sites to determine whether improvements had been made, whether construction had been made in a good and workmanlike manner, and whether payment on requested draws should be authorized.[11] Strnadel failed to inspect job sites and accurately report his findings to his superiors.[12] As early as 2007, Strnadel's bad

---

[6] *Id.*
[7] *Id.*
[8] CR 32–37.
[9] CR 354.
[10] CR 39.
[11] CR 39.
[12] *Id.*

2

acts were being investigated by the Secret Service.[13] And, CSB incurred damages because of Strnadel's actions.[14]

CSB brought suit in 2009 against Hlavaty, Strnadel, and seven other defendants alleging fraud, fraud by nondisclosure, negligent failure to disclose, breach of fiduciary duty, breach of the duty of loyalty, unjust enrichment, and negligence.[15]

## PROCEDURAL HISTORY

On October 23, 2009, CSB filed its Original Petition against nine defendants, including Patrick Hlavaty and Jeff Strnadel.[16] The defendants filed an Original Answer on November 20, 2009, and subsequently filed an Amended Answer on December 2, 2009.[17] Defendants Hlavaty and Strnadel filed a Motion for Rule 13 Sanctions on March 17, 2010.[18] On June 23, 2010, CSB filed a notice of nonsuit as to defendants Hlavaty and Strnadel.[19] The trial court signed the dismissal order as to Hlavaty and Strnadel on June 24, 2010.[20]

---

[13] CR 777–78.
[14] *Id.*
[15] CR 23–43.
[16] CR 23.
[17] CR 47–49.
[18] CR 56–59.
[19] CR 100.
[20] CR 100.

On September 1, 2010, CSB nonsuited the remainder of the defendants in the lawsuit.[21] However, because an objection was made by Hlavaty and Strnadel as to the form of the dismissal order relating to the dismissal of the other defendants, the proposed order of nonsuit was not signed at that time. In March 2011, Appellants filed a "First Amended Counterclaim" against CSB.[22] Appellants' "amended counterclaim" asserted, for the first time, new claims against CSB.[23] The last order granting the nonsuit was finally signed by the trial court on November 15, 2013.[24]

On April 8, 2014, CSB filed its Motion to Dismiss and Vacate Orders.[25] The trial court granted CSB's motion dismissing the case, specifically stating that the trial court's "plenary jurisdiction as to all parties in this case ended on December 15, 2013."[26] Six months after the trial court lost plenary jurisdiction, on June 11, 2014, the trial court issued an order of sanctions against CSB.[27] CSB filed a Motion to

---

[21] CR 126.
[22] CR 249 – 60.
[23] *Id.*
[24] CR 559.
[25] CR 561.
[26] CR 785–86.
[27] CR 788.

4

Vacate the Order of Sanctions, which the trial court denied.[28] This appeal followed.

## **SUMMARY OF THE ARGUMENT**

Appellants' assertion that CSB's nonsuit as to all defendants was an interlocutory order is incorrect because the authorities Appellants rely upon are not applicable here. Specifically, Appellants rely on case law where statutory sanctions are at issue—not Rule 13 sanctions. Because some statutory motions for sanctions are treated as affirmative independent *causes of action*, Appellants' arguments are without merit, as Rule 13 sanctions—the sanctions at issue here—are not affirmative causes of action, but rather are merely affirmative claims that are not considered independent causes of action that extend a court's jurisdiction.

The only pending matter at the time of CSB's September 1, 2010 final nonsuit was a Rule 13 motion for sanctions—implicating Tex. R. Civ. P. 162. There were no counterclaims or other causes of action before the trial court at the time of nonsuit. Appellants' request for attorney's fees under Section 37.009 of the Texas Civil Practice and

---

[28] CR 791–94.

Remedies Code—because Appellants' incorrectly contend that CSB, in seeking a constructive trust as a form of relief in its petition, was somehow seeking declaratory relief—is not considered an affirmative claim under Texas law. In addition, there were no counterclaims before the trial court at the time of the final nonsuit because the filing of counterclaims by Appellants—after the order of nonsuit—are void as a matter of law. Therefore, as stated above, the only pending matter before the court was a Rule 13 motion for sanctions.

Texas Rule of Civil Procedure 162 governs Rule 13 motions for sanctions filed prior to an order of nonsuit. Pursuant to Rule 162, after the notice of nonsuit is filed, a trial court has a reasonable amount of time to resolve collateral matters. As such, the trial court should have ruled on Hlavaty and Strnadel's pending Rule 13 motion for sanctions within a reasonable amount of time after CSB's final nonsuit on September 1, 2010.

Appellants' however, never pursued the Rule 13 motion for sanctions – even up to the time the trial court determined that it lost jurisdiction. CSB asserted this argument in its Motion to Dismiss and Vacate Orders, which the trial court granted. Although the trial court

ruled that "as of September 1, 2010 the [it] had a ministerial duty to timely sign orders of non-suit," and that it had "***no reason*** to delay signing orders of non-suit," and that it "lost plenary jurisdiction on December 15, 2013," it still ruled on the motion for sanctions over three years from the final nonsuit and over six months after its plenary jurisdiction expired. Specifically, the trial court signed a final order of nonsuit in November of 2013; therefore, the trial court lost its plenary power 30 days later in December of 2013. In June of 2014, however, the trial court signed the order of sanctions.

The trial court properly granted CSB's motion to dismiss because the trial court lost jurisdiction under Rule 162 within a reasonable time after September 1, 2010, and at the latest on December 15, 2013. Moreover, the trial court vacated its prior orders issued after September 1, 2010 as a nullity because the trial court determined that as of September 1, 2010 there were no pending independent causes of action asserted by any party in the suit. This Court should affirm the trial court's dismissal of the suit.

## ARGUMENTS & AUTHORITIES

### I.  Standard of Review

Every trial court has the inherent power to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.[29] Such inherent powers are those that a court may call upon to aid it in the exercise of jurisdiction and administration of justice.[30]

Appellate courts apply an abuse of discretion standard to a review of a trial court's actions pursuant to its inherent power.[31] The appellate court reviews the entire record and evidence in the light most favorable to the trial court's ruling.[32] A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, or without reference to guiding rules and principles.[33]

---

[29] *Metzger v. Sebek*, 892 S.W.2d 20, 38 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979).
[30] *Eichelberger*, 582 S.W.2d at 398.
[31] *See Kutch v. Del Mar Coll.*, 831 S.W.2d 506, 512 (Tex. App.—Corpus Christi 1992, no writ).
[32] *See Kutch*, 831 S.W.2d at 512.
[33] *See Downer v. Aquamarine Operators Inc.*, 701 S.W. 2d 238, 241–42 (Tex. 1985).

**II. Appellants' argument that CSB's nonsuit as to all defendants was interlocutory is misplaced and incorrect.**

Hlavaty and Strnadel improperly argue that CSB's nonsuit on September 1, 2010 as to all defendants was interlocutory because they had a pending motion for sanctions.[34] To support this assertion, Hlavaty and Strnadel rely on cases in which statutory sanctions—not Rule13 sanctions—were at issue. Such cases are inapplicable here. Not only were there no statutory sanctions filed in the trial court, but the cases cited by Hlavaty and Strnadel do not address the effect of a nonsuit on TRCP 13 ("Rule 13") motions for sanctions—the sanctions at issue in this case.

This issue can be confusing, as courts have generally referred to motions for sanctions as affirmative claims. However, the distinction that Appellants' fail to recognize is the difference between a motion for sanctions under a statutory provision, which creates an independent cause of action that must be disposed of in a final order; and a Rule 13 motion for sanctions, which is an affirmative claim but is not an independent cause of action and therefore, disposition by final order is

---

[34] Appellants' Brief 10.

9

not required as the motion is considered a collateral matter governed by TRCP 162 ("Rule 162").

### A. Appellants rely on *Crites v. Collins* and *Unifund CCR Partners v. Villa*, which are not applicable to the issues presented here.

Hlavaty and Strnadel accuse CSB of ignoring two Texas Supreme Court cases – *Crites v. Collins* and *Unifund v. Villa* – when it asserts that a trial court has only a reasonable amount of time to rule on collateral matters following a nonsuit under Rule 162. But CSB did not ignore the cases referenced by Appellants. To the contrary, CSB found the cases to be inapplicable, as the cases do not involve Rule 13 motions for sanctions but rather, independent affirmative causes of action created by statute.

Specifically, in *Crites v. Collins*, the court considered whether a statutory motion for sanctions filed ***after*** an order of dismissal, but before entry of a final order is a valid claim.[35] The *Crites* court looked to the nature of the motion for sanctions and determined that because the sanctions were statutory—under Chapter 74 of the Tex. Civ. Prac. & Rem. Code—the motion is an affirmative claim that is treated as an

---

[35] *Crites v. Collins*, 284 S.W.3d 839 (Tex. 2009) (emphasis added).

independent cause of action.[36] The *Crites* court reasoned that the order of dismissal following the nonsuit was interlocutory because it did not dispose of all claims and parties, as the subsequently filed motion for sanctions was an independent cause of action. Because of the pending cause of action, the *Crites* court held that so long as the trial court had plenary jurisdiction at the time the motion was filed, the motion for sanctions was not void and the trial court had jurisdiction to enter an order.[37]

Five months later, in *Unifund v. Villa*, the same court was presented with another dispute involving statutory sanctions.[38] The issue before the *Unifund* court was whether a motion for sanctions filed under Tex. Civ. Prac. & Rem. Code Chapter 10 survived a voluntary nonsuit if the court still had jurisdiction and set the hearing for the motion prior to entering an order of dismissal.[39] Relying on *Crites*, the *Unifund* court stated that because the order of dismissal following the nonsuit did not specifically reference the claim for statutory sanctions, the motion for sanctions was still pending as an independent cause of

---

[36] *Id.* at 842.
[37] *Id.* at 842–43.
[38] *Unifund CCR Partners v. Villa*, 299 S.W.3d 92 (Tex. 2009).
[39] *Id.*

action—making the order of dismissal interlocutory.[40] Therefore, when the trial court entered an order for sanctions, the *Unifund* court held that the trial court did not err on that basis.[41]

In *Crites*, the motion for sanctions was filed **after** the notice of nonsuit, making *Crites* distinguishable on the facts because the motion for sanctions in this case was filed **before** the notice of nonsuit—implicating Rule 162. Similarly, *Unifund* does not apply because in *Unifund*, the court set a hearing on the motion for sanctions prior to entering an order of dismissal. The court relied on the setting of the hearing as evidence that the trial court intended to preserve the cause of action. The trial court in this case did no such thing; therefore, *Unifund*, like *Crites*, is distinguishable.

However, the most important distinction between *Crites, Unifund,* and this case is that in *Crites* and *Unifund*, the sanctions were statutory independent causes of action, rather than a claim that does not extend a trial court's jurisdiction. Even in the trial court, Hlavaty and Strnadel failed to make the distinction as they again incorrectly relied on a 2013 Texas Supreme Court case involving the issue of

---

[40] *Id.*

[41] *Id.*

12

whether statutory sanctions under Tex. Civ. Prac. & Rem. Code § 150.002 allowing a dismissal with prejudice survived a nonsuit – a voluntary dismissal without prejudice.[42] Just as in *Crites* and *Unifund*, in *CTL/Thompson Texas, LLC*, the Texas Supreme Court determined that *sanctions mandated by statute* whose purpose is to deter claimants from filing meritless suits survive a nonsuit.[43]  Here, there are no statutory sanctions at issue, only Rule 13 sanctions.  This is a distinction with a difference.

Had Hlavaty and Strnadel actually considered the differences in the two types of sanctions, then they would have been aware that, in the cases they cite, the motions for statutory sanctions were considered independent causes of action—making an order of dismissal that does not specifically reference those causes of action interlocutory. However, here, Hlavaty and Strnadel filed a motion for Rule 13 sanctions—an affirmative claim, but not an independent cause of action or counterclaim. And, pursuant to Texas law, an order of nonsuit is not an

---

[42] *CTL/Thompson Texas, LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013).
[43] *Id.* at 300 – 01 (emphasis added).

interlocutory order when a party has filed a pre–nonsuit claim for sanctions under Rule 13.[44]

As a result, Hlavaty and Strnadel's reliance on *Crites* and *Unifund* here and *CTL/Thompson Texas, LLC* at the trial court level is unfounded and misplaced, as the cases are inapplicable to the issues presented here for the reasons expressed above.

## B. The only matter pending at the time of CSB's final nonsuit of remaining defendants was Appellants' Rule 13 motion for sanctions.

Hlavaty and Strnadel filed their Motion for Rule 13 Sanctions on March 17, 2010.[45] CSB filed a nonsuit dismissing Hlavaty and Strnadel from the underlying matter on June 23, 2010. The trial court signed an order of nonsuit as to Hlavaty and Strnadel on June 28, 2010.[46] On September 1, 2010, CSB filed its notice of nonsuit as to all remaining defendants.[47] At the time of the final nonsuit on September 1, 2010, Hlavaty and Strnadel did not have any pending counterclaims. The only pending matter was their motion for sanctions under Rule 13.

---

[44]*In Re T.G.*, 68 S.W.3d 171 (Tex. App.—Houston [1st Dist.] 2002, pet denied).
[45] CR 56–59.
[46] CR 96–101.
[47] CR 126–29.

14

Texas law mandates that a motion for Rule 13 sanctions is not an affirmative claim for relief that extends a trial court's jurisdiction under Rule 162.[48] This is because "Texas Rule of Civil Procedure 13 does not establish an independent cause of action for damages, but instead provides a basis for a trial court to impose sanctions upon motion or upon its own initiative."[49]

The cases at which Rule 13 motions for sanctions are at issue use the term "affirmative claim" when discussing that Rule 13 motions do not effect a trial court's jurisdiction, but that is different and distinct from the court considering it as an *independent cause of action* or counterclaim—like in the above referenced cases *Crites* and *Unifund*. In those cases, as well as others that involve statutory sanctions, the statutory sanctions are considered independent causes of action that

---

[48] *See, e.g.*, *Martin v. Texas Dept. of Family & Protective Services*, 176 S.W.3d 390, 393 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that defendant's Rule 13 motion was not an affirmative claim for relief); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308, 312 (Tex. 2000).

[49] *Martin v. Texas Dept. of Family & Protective Services*, 176 S.W.3d 390 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Mantri v. Bergman*, 153 S.W.3d 715 (Tex. App.—Dallas 2005, pet. denied); *Guidry v. Envtl. Procedures, Inc.*, 388 S.W.3d 845, 860 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("Texas Rule of Civil Procedure 13 does not establish an independent cause of action for damages, but instead provides a basis for a trial court to impose sanctions 'upon motion or upon its own initiative.' We therefore construe this portion of the Brokers' pleading not as a counterclaim for damages but as a motion for sanctions.").

extend the trial court's jurisdiction.[50] But because Rule 13 does not establish an independent cause of action, it follows that a Rule 13 motion for sanctions will never extend a trial court's jurisdiction or be considered as a counterclaim.

Because there were no statutory sanctions that were considered independent causes of action at the time of the final nonsuit on September 1, 2010, and the final nonsuit disposed of all parties, pursuant to Rule 162, the court only had a reasonable amount of time to rule on the Rule 13 motion for sanctions. Moreover, as of November 15, 2013—when the trial court signed the final order of nonsuit as to the remaining defendants—the case was over because the court's ministerial act of signing a final nonsuit is considered a final judgment.[51]

Hlavaty and Strnadel are mistaken when they assert that their motion for sanctions must be specifically referenced in the order to be disposed of.[52] In fact, a direct quote from Appellants' brief is illustrative of why they are wrong. Specifically, Hlavaty and Strnadel state, "*if a*

---

[50] *Villafani v. Trejo*, 251 S.W.3d 466, 470 (Tex. 2008); *Crites v. Collins*, 284 S.W.3d 839, 842 (Tex. 2009).
[51] *Martin*, 176 S.W.3d 390
[52] Appellants' Brief 13.

***sanctions request is a claim that survives a nonsuit***, a judgment is not final and appealable until the sanctions request is specifically disposed of by the trial court."[53] CSB agrees with Hlavaty and Strnadel's above assertion. Hlavaty and Strnadel would be correct if this case involved a statutory motion for sanctions that is considered an independent cause of action. But it does not. Therefore, Hlavaty and Strnadel are wrong. A judgment need not resolve a pending Rule 13 sanctions motion to be final.[54] And, when the trial court signs the order of nonsuit disposing of all parties, the nonsuit is a final judgment, thereby starting the clock on the court's plenary jurisdiction. Accordingly, all parties and claims were effectively nonsuited as of September 1, 2010, a final judgment was signed on November 15, 2013, and the court lost plenary jurisdiction on December 15, 2013—30 days later.

---

[53] Appellants' Brief 13 (emphasis added) (citing *In re Reynolds*, No. 14-14-00329-CV, 2014 Tex. App. LEXIS 7105 *13 (Tex. App.—Houston [14th Dist.] July 1, 2014, orig. proceeding) (memorandum op.)).
[54] *Martin*, 176 S.W.3d 390; *Lane*, 10 S.W.3d 308.

## III. Appellants did not have any pending counterclaims at the time of the final nonsuit on September 1, 2010.

### A. Appellants' request for attorney's fees is not an independent cause of action.

According to Appellants' own assertions, Hlavaty and Strnadel's request for attorney's fees under the Declaratory Judgment Act was dependent on their mistaken belief that CSB had filed a claim for declaratory relief. But CSB was not seeking declaratory relief in this case; it was seeking a constructive trust because of Hlavaty's ill gotten gains.[55] CSB never brought an action under the Declaratory Judgment Act and never even sought a constructive trust against Strnadel.[56]

Hlavaty and Strnadel's request for attorney's fees is not an affirmative claim for relief because CSB never asserted a claim under the Declaratory Judgment Act.[57] In its Original Petition, CSB claimed, among other things, that Hlavaty and Strnadel had committed fraud and breached fiduciary duties.[58] In addition to damages, CSB requested that the court impose a constructive trust over the assets that Hlavaty improperly obtained. Based on this request for relief alone, Hlavaty and

---

[55] CR 133; CR 172; CR 270.
[56] *Id.*
[57] CR 23.
[58] CR 23.

Strnadel began calling CSB's request for a constructive trust against Hlavaty a "declaratory action," despite CSB having never asserted a claim for a declaratory judgment, nor requesting a declaration as to the rights of the parties.[59] And, CSB certainly never sought a constructive trust against Strnadel. Counsel for Appellants knows that no declaratory judgment claim exists in this case, yet Hlavaty and Strnadel still attempt to assert that an independent cause of action existed. But no such counterclaim existed.

In Texas, a "constructive trust" is an equitable remedy granted after there is a breach of fiduciary duty, it is not a claim related to the Declaratory Judgment Act.[60] Therefore, Hlavaty and Strnadel had no legal basis to claim they were entitled to attorney's fees under the Act.

Furthermore, CSB never requested a "constructive trust" against Strnadel,[61] making Strnadel's request for attorney's fees entirely baseless and improper.

Even if Hlavaty and Strnadel had intended to assert their own cause of action for declaratory judgment—which they did not—a claim under the Declaratory Judgment Act, solely for attorney's fees, is not an

---

[59] CR 61, 96.
[60] CR 28; *See Binford v. Snyder*, 189 S.W.2d 471, 472 (Tex. 1945).
[61] CR 28.

19

affirmative cause of action that survives a plaintiff's nonsuit under Rule 162.[62] Accordingly, Hlavaty and Strnadel's request for attorney's fees was not an affirmative claim, and therefore, did not extend the trial court's jurisdiction following the final nonsuit.[63]

## B. Appellants' amended counterclaims filed after CSB's September 1, 2010 nonsuit of all parties are void as a matter of law.

On March of 2011—seven months after CSB filed its September 1, 2010 notice of nonsuit as to the remaining defendants—Hlavaty and Strnadel filed ten new counterclaims.[64] But when a final nonsuit is filed, the rights of the parties become fixed.[65] Hlavaty and Strnadel had

---

[62] *See Gen. Land Office of State of Tex. v. Oxy, U.S.A., Inc.,* 789 S.W.2d 569, 570 (Tex.1990); *In re Riggs*, 315 S.W.3d 613, 615 (Tex. App.—Fort Worth 2010, no pet.); *see also Hansson v. Time Warner Entm't Advance*, 03-01-00578-CV, 2002 WL 437297 (Tex. App.—Austin Mar. 21, 2002, pet. denied) ("[A] defendant may not seek a declaratory judgment simply to recover attorney's fees."); *Digital Imaging Associates, Inc. v. State*, 176 S.W.3d 851, 855 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that the trial court did not error in advising parties it no longer had jurisdiction because the plaintiff had filed a nonsuit and the intervenor's only claim was for a defensive declaratory judgment that mirrored the plaintiff's claim.); *Newman Oil v. Alkek,* 614 S.W.2d 653, 655 (Tex. App.—Corpus Christi 1981, writ ref'd n.r.e)); *United Oil & Minerals, Inc. v. Costilla Energy, Inc.*, 1 S.W.3d 840, 846 (Tex. App.—Corpus Christi 1999, pet. dism'd).

[63] *See, e.g.*, *Digital Imaging,* 176 S.W.3d at 855; *see also Newman Oil*, 614 S.W.2d at 655 (holding that the defendant's alleged counterclaim under the Declaratory Judgment Act is not a claim for affirmative relief under Rule 162, but "merely denials of plaintiffs' cause of action).

[64] CR 559.

[65] *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982); *Strawder v. Thomas*, 846 S.W.2d 51, 59 (Tex.App.—Corpus Christi 1992, no writ); *General Land Office v. Oxy*, U.S.A., Inc., 789 S.W.2d 569, 570 (Tex.1990).

no pending affirmative claims as of September 1, 2010; therefore, the later filed counterclaims are void. The Rule 13 motion for sanctions was the only matter pending at the time of CSB's final nonsuit. To hold otherwise would allow parties to file counterclaims well after a case is nonsuited or dismissed. In the interest of judicial economy, a party should not be permitted to file counterclaims months after a case is over.

As such, the trial court, pursuant to Rule 162, only had a reasonable amount of time to resolve the pending Rule 13 motion and did not abuse its discretion in ignoring the void counterclaims.[66]

## IV. The trial court retained limited jurisdiction over Appellants' Rule 13 motion for sanctions for only a reasonable amount of time after CSB's non-suit—not three and a half years.

Pursuant to Texas Rule of Civil Procedure 162, a plaintiff's nonsuit does not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief.[67] However, if there are no pending affirmative claims, the court then has *"a reasonable amount of time"*

---

[66] *Univ. of Texas Med. Branch at Galveston*, 195 S.W.3d at 100–01; *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997).
[67] Tex. R. Civ. P. 162.

to hold hearings on those matters that are "collateral to the merits of the underlying case."[68]

As explained *supra*, under Rule 162, Texas courts consider "affirmative claims for relief" to be independent causes of action. However, Rule 13 motions for sanctions are not independent causes of action. The plain language of Rule 162 makes a distinction between a "pending claim for affirmative relief" and "a motion for sanctions." While some courts use the phrase "affirmative claim" interchangeably, Texas law is well settled that a Rule 13 motion for sanctions is not an independent cause of action that will extend a trial court's jurisdiction under Rule 162. Therefore, pursuant to Rule 162, the trial court here only had a reasonable amount of time to rule on the Rule 13 motion for sanctions once the final September 1, 2010 notice of nonsuit was filed as to the remaining defendants.

### A. Three and a half years is not a reasonable amount of time.

The trial court entered an order on Hlavaty and Strnadel's pending motions for sanctions over three years after the final notice of

---

[68] *In re Bennett*, 960 S.W.2d at 38-39 (emphasis added).

nonsuit was filed by CSB.[69] But the trial court's limited jurisdiction under Rule 162 to resolve Hlavaty and Strnadel's motion for sanctions had lapsed.

Rule 162 permits the trial court to hold hearings and enter orders affecting costs, attorney's fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power."[70] If the court fails to sign the order of nonsuit—as it did in this case—the trial court's jurisdiction is still limited under Rule 162. This limited jurisdiction to hear collateral matters does not continue into perpetuity as Hlavaty and Strnadel suggest.[71] The fact that the trial court does not enter an order of dismissal following the plaintiff's timely notice of nonsuit does not authorize the continuation of the proceeding.[72] The collateral matters must still be resolved within a reasonable amount of time.

---

[69] CR 788.

[70] *Univ. of Texas Med. Branch at Galveston*, 195 S.W.3d at 101; *In re Bennett*, 960 S.W.2d at 38.

[71] *Id.*; *see also In re Bennett*, 960 S.W.2d at 38; *In re Metro. Lloyds Ins. Co. of Texas*, 05-08-01712-CV, 2009 WL 638253 (Tex. App.—Dallas Mar. 13, 2009, no pet.) (granting plaintiff's petition for writ of mandamus holding that "the trial judge abused his discretion by continuing to exercise jurisdiction over this case because" plaintiff's "non-suit of its claims disposed of all parties and claims then pending before the trial court").

[72] *Newman Oil Co. v. Alkek*, 614 S.W.2d 653, 655 (Tex. Civ. App.—Corpus Christi 1981) (holding that defendant's alleged counterclaim under the Declaratory Judgment Act is not a claim for affirmative relief under Rule 162); *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982); *Strawder v. Thomas*, 846 S.W.2d 51,

In this case, the trial court without a doubt exceeded its limited jurisdiction under Rule 162 to resolve Hlavaty and Strnadel's Rule 13 sanctions motion. After CSB's last nonsuit on September 1, 2010, the motion for Rule 13 sanctions was the only matter left pending under the limited jurisdiction provided by Rule 162.[73] The trial court had a reasonable amount of time to hold hearings on these matters.[74] However, the trial court did nothing. Indeed, the trial court expressly held that "it had no reason to delay signing the orders of non-suit" and that "[t]his court is aware of no reason which would justify the three year delay."[75] More than three years passed between CSB's final notice of nonsuit and the trial court's order of sanctions.[76] Under any interpretation of a "reasonable amount of time," three years exceeds it.

---

59 (Tex. App.—Corpus Christi 1992, no writ); *General Land Office v. Oxy*, U.S.A., Inc., 789 S.W.2d 569, 570 (Tex.1990).

[73] *See Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982); *Strawder*, 846 S.W.2d at 59; *General Land Office v. Oxy*, U.S.A., Inc., 789 S.W.2d 569, 570 (Tex.1990).

[74] *Univ. of Texas Med. Branch at Galveston*, 195 S.W.3d at 100–01; *In re Bennett*, 960 S.W.2d at 38.

[75] CR 784.

[76] CR 788.

**B.** ***The trial court lost plenary power on December 15, 2013, and therefore, was without jurisdiction to enter an order of sanctions on June 11, 2014.***

Although a ministerial act, the trial court signed an order granting CSB's notice of nonsuit on November 15, 2013, and the trial court correctly determined that it lost plenary jurisdiction 30 days thereafter. The trial court's plenary jurisdiction expired on December 15, 2013, and thus, the trial court lost its ability to sanction CSB after this date.

Orders issued after a trial court's jurisdiction expires are void.[77] A void order is null within itself and its nullity cannot be waived.[78] Therefore, once jurisdiction has expired, a trial court may not sanction counsel for pre-judgment conduct.[79]

In this case, the trial court signed a final order of nonsuit on November 15, 2013. The entering of the final order triggered the expiration of the trial court's plenary jurisdiction. Because the final order of nonsuit was entered on November 15, 2013, the trial court's plenary power expired 30 days later, on December 15, 2013. The trial

---

[77] *In re Fuentes*, 960 S.W.2d 261, 262 (Tex. App.—Corpus Christi 1997, no writ).
[78] *Id.*
[79] *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996).

court entered a final order on June 3, 2014, and in the order, the trial court stated:

> ***This event finally triggered the expiration of this court's plenary jurisdiction in this case on December 15, 2013***. . . . No pleading has been filed which would operate to extend this court's plenary jurisdiction.[80]

However, on June 11, 2014, the same trial court that admitted to losing its jurisdiction in December of 2013, entered an order of sanctions for conduct that allegedly occurred pre-judgment.[81] The trial court lacked jurisdiction to enter such order. Because the trial court was without jurisdiction to enter an order of sanctions, this Court should set aside the trial court's order as null and void as a matter of law.

## CONCLUSION

The trial court properly granted CSB's motion to dismiss because the trial court lost plenary jurisdiction on December 15, 2013. Because the trial court subsequently entered an order of sanctions on June 11, 2014, the trial court was without jurisdiction at the time it entered the order. Therefore, the order of sanctions should be set aside because it is void. The order granting CSB's Motion to Dismiss should be affirmed.

---

[80] CR 784-86 (emphasis added).
[81] CR 788–90.

## PRAYER

For these reasons, Appellee Commercial State Bank of El Campo, Texas, Inc. respectfully requests this Court to affirm the trial court's granting of its Motion to Dismiss, to reverse the trial court's Order Denying Commercial State Bank's Motion to Vacate Order of Sanctions, set aside Hlavaty and Strnadel's June 11, 2014 Order for Sanctions against Appellee Commercial State Bank of El Campo, Texas, Inc., and grant Appellee Commercial State Bank of El Campo, Texas, Inc. any such other and further relief to which it is entitled.

Respectfully submitted,

ROBERTS MARKEL WEINBERG BUTLER HAILEY PC

*/s/ Dawn S. Holiday*

_____

DAWN S. HOLIDAY
TBA No. 24046090
MIA B. LORICK
TBA No. 24091415
2800 Post Oak Blvd., 57th Floor
Houston, TX  77056
Tel: (713) 840-1666;
Fax:  (713) 840-9404
dholiday@rmwbhlaw.com
mlorick@rmwbhlaw.com
ATTORNEYS FOR APPELLEE / CROSS-APPELLANT, COMMERCIAL STATE BANK OF EL CAMPO, TEXAS, INC.

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 i(3) of the Texas Rules of Appellate Procedure, I certify that the word count in this Appellee's Brief is 4,732 words.

*/s/ Dawn S. Holiday*

_____

DAWN S. HOLIDAY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by facsimile, messenger, regular U.S. Mail, certified mail, return receipt requested and/or electronic service in accordance with the Texas Rules of Appellate Procedure on this the 30th day of April, 2015.

***Via Email:***
*wkronzer@kronzer.com*
Walter James Kronzer, III
Walter James Kronzer, III, P.C.
3000 Weslayan, Suite 247
Houston, TX  77027

***Via Email:***
*singletonlaw@sbcglobal.net*
Howard H. Singleton
Singleton Law Firm
109 East Milam Street
Wharton, TX  77488

*/s/ Dawn S. Holiday*

_____

DAWN S. HOLIDAY